1  REX DARRELL BERRY, State Bar No. 110219
   SCOTT M. PLAMONDON, State Bar No. 212294
2  BERRY & BLOCK LLP
   2150 River Plaza Drive, Suite 415
3  Sacramento, CA  95833
   (916) 564-2000
4  (916) 564-2024 FAX

5

   Attorneys for Defendants
6  WALGREEN CO.

7

8                  UNITED STATES DISTRICT COURT

9       IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

   BARBARA HUBBARD,                          ) Case No. 08-cv-0072 JM POR
11                                           )
            Plaintiff,                       )
12                                           ) **DEFENDANT, WALGREEN CO.'S,**
   v.                                        ) **ANSWER TO PLAINTIFF'S**
13                                           ) **COMPLAINT**
   WALGREEN CO. dba WALGREENS                )
14 #06255; 1 HUNTER, LLC; 1 LAKE, LLC;       )
                                             ) *Complaint Filed: 1/11/08*
15          Defendants.                      )
                                             )
16 _____  )

17         Defendant, Walgreen Co. ("Walgreens"), for its answer and affirmative defenses to

18 Plaintiff, Barbara Hubbard's ("Plaintiff" or "Hubbard"), Complaint, admits, denies, and sets forth

19 affirmative defenses as follows:

20                              **SUMMARY**

21 1.      Paragraph 1 contains no charging allegations, therefore no answer is necessary, and on

22 that basis the allegations of Paragraph 1 are denied.

23 2.      Paragraph 2 contains no charging allegations, therefore no answer is necessary, and on

24 that basis the allegations of Paragraph 2 are denied.

25                             **JURISDICTION**

26 3.      Walgreens admits that venue and jurisdiction is proper in this Court.

27 4.      Walgreens denies the allegations contained in Paragraph 4 of Plaintiff's Complaint on the

28 basis that it calls for a legal conclusion for which no answer is necessary.

                                       1
            **DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT**

5.    Walgreens denies the allegations contained in Paragraph 5 of Plaintiff's Complaint on the basis that it calls for a legal conclusion for which no answer is necessary.

### VENUE

6.    Walgreens admits that this case arises in San Diego County, California, and is therefore properly assigned to the San Diego Division of the United States District Court, Southern District of California.

### PARTIES

7.    Walgreens admits that it is a corporation and that it operates the store identified as Number 06255 at 621 "I" Street, Chula Vista, California.  Walgreens denies the remaining allegations contained in this paragraph.

8.    Walgreens is without sufficient information or knowledge to form a belief as to the truth of the allegation that Hubbard has multiple conditions and requires the use of a motorized wheelchair and mobility-equipped vehicle while traveling in public, or that Hubbard is "physically disabled," and on that basis, denies this allegation.  The remaining allegations contained in Paragraph 8 contain legal conclusions for which no answer is necessary, and on that basis the remaining allegations of Paragraph 8 are denied.

### FACTS

9.    Walgreens admits that the Store is a retail establishment and that it offers services to the public.  Walgreens denies the remaining allegations contained in Paragraph 9.

10.    Walgreens is without sufficient information or knowledge to form a belief as to the truth of the allegation that Hubbard visited the Walgreens location in Chula Vista, California and on that basis denies this allegation.  The remaining allegations contained in Paragraph 10 contain legal conclusions for which no answer is necessary, and on that basis Walgreens denies these allegations.

11.    Walgreens is without sufficient information or knowledge to form a belief as to the truth of the allegation that Hubbard visited the Walgreens location in Chula Vista, California and on that basis denies this allegation.  The remaining allegations contained in Paragraph 11 contain

/ / /

2

**DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT**

1   legal conclusions for which no answer is necessary, and on that basis Walgreens denies these

2   allegations.

3   12.     Walgreens is without sufficient information or knowledge to form a belief as to the truth

4   of the allegation that Hubbard visited the Walgreens location in Chula Vista, California and on

5   that basis denies this allegation.  The remaining allegations contained in Paragraph 12 contain

6   legal conclusions for which no answer is necessary, and on that basis Walgreens denies these

7   allegations.

8   13.     Walgreens denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

9   14.     Walgreens denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

10   15.     Walgreens denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

11                               **FIRST CLAIM**

12                      **Americans with Disabilities Act of 1990**

13                   Denial of "Full and Equal" Enjoyment and Use

14   16.     Defendant repeats, realleges, and incorporates its prior responses to Paragraphs 1 through

15   15, inclusive.

16   17.     Paragraph 17 contains only legal conclusions, and as such, no answer is necessary, and on

17   that basis the allegations of Paragraph 17 are denied.

18   18.     Walgreens denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19              Failure to Remove Architectural Barriers in an Existing Facility

20   19.     Paragraph 19 contains only legal conclusions, and as such, no answer is necessary, and on

21   that basis the allegations of Paragraph 19 are denied.

22   20.     Paragraph 20 contains only legal conclusions, and as such, no answer is necessary, and on

23   that basis the allegations of Paragraph 20 are denied.

24   21.     Walgreens denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

25   22.     Walgreens denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

26                   Failure to Design and Construct an Accessible Facility

27   23.     Walgreens is without sufficient information or knowledge to form a belief as to the truth

28   of the allegation that the Store was designed or constructed after January 26, 1992, and on that

**DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT**

1  basis denies this allegation.  The remaining allegations contained in Paragraph 23 are only legal

2  conclusions, and as such, no answer is necessary, and on that basis the allegations of Paragraph 23

3  are denied.

4  24.    Paragraph 24 contains only legal conclusions, and as such, no answer is necessary, and on

5  that basis the allegations of Paragraph 24 are denied.

6  25.    Walgreens denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

7  <u>Failure to Make an Altered Facility Accessible</u>

8  26.    Paragraph 26 contains only legal conclusions, and as such, no answer is necessary, and on

9  that basis the allegations of Paragraph 26 are denied.

10  27.    Paragraph 27 contains only legal conclusions, and as such, no answer is necessary, and on

11  that basis the allegations of Paragraph 27 are denied.

12  28.    Walgreens denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

13  <u>Failure to Modify Existing Policies and Procedures</u>

14  29.    Paragraph 29 contains only legal conclusions, and as such, no answer is necessary, and on

15  that basis the allegations of Paragraph 29 are denied.

16  30.    Walgreens denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

17  31.    Paragraph 31 contains no charging allegations, therefore no answer is necessary.

18  Walgreens denies that Plaintiff is entitled to any relief whatsoever. For these reasons the

19  allegations of Paragraph 31 are denied.

20  32.    Paragraph 32 contains no charging allegations, therefore no answer is necessary.

21  Walgreens denies that Plaintiff is entitled to any relief whatsoever. For these reasons the

22  allegations of Paragraph 32 are denied.

23  **SECOND CLAIM**

24  **Disabled Persons Act**

25  33.    Defendant repeats, realleges, and incorporates its prior responses to Paragraphs 1 through

26  32, inclusive.

27  34.    Paragraph 34 contains no charging allegations, therefore no answer is necessary, and on

28  that basis the allegations of Paragraph 34 are denied.

4

**DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT**

35.     Paragraph 35 contains no charging allegations, therefore no answer is necessary, and on that basis the allegations of Paragraph 35 are denied.

36.     Paragraph 36 contains only legal conclusions, and as such, no answer is necessary, and on that basis the allegations of Paragraph 36 are denied.

37.     Walgreens denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Paragraph 38 contains no charging allegations, therefore no answer is necessary. Walgreens denies that Plaintiff is entitled to any relief whatsoever. For these reasons the allegations of Paragraph 38 are denied.

39.     Paragraph 39 contains no charging allegations, therefore no answer is necessary. Walgreens denies that Plaintiff is entitled to any relief whatsoever. For these reasons the allegations of Paragraph 39 are denied.

### THIRD CLAIM

### Unruh Civil Rights Act

40.     Defendant repeats, realleges, and incorporates its prior responses to Paragraphs 1 through 39, inclusive.

41.     Paragraph 41 contains no charging allegations, and as such, no answer is necessary, and on that basis the allegations of Paragraph 41 are denied.

42.     Paragraph 42 contains no charging allegations, therefore no answer is necessary, and on that basis the allegations of Paragraph 42 are denied.

43.     Paragraph 43 contains no charging allegations, therefore no answer is necessary, and on that basis the allegations of Paragraph 43 are denied.

44.     Paragraph 44 contains no charging allegations, therefore no answer is necessary, and on that basis the allegations of Paragraph 44 are denied.

45.     Paragraph 45 contains no charging allegations, therefore no answer is necessary, and on that basis the allegations of Paragraph 45 are denied.

46.     Walgreens denies that took any action, or failed to take any action that resulted in Plaintiff's alleged damages. Walgreens denies that Plaintiff has been damaged, and further denies that Plaintiff is entitled to any relief whatsoever.

DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT

1    47.    Paragraph 47 contains no charging allegations, therefore no answer is necessary.

2    Walgreens denies that Plaintiff is entitled to any relief whatsoever. For these reasons the

3    allegations of Paragraph 47 are denied.

**FOURTH CLAIM**

**Denial of Full and Equal Access to Public Facilities**

6    48.    Defendant repeats, realleges, and incorporates its prior responses to Paragraphs 1 through

7    47, inclusive.

8    49.    Paragraph 49 contains no charging allegations, therefore no answer is necessary, and on

9    that basis the allegations of Paragraph 49 are denied.

10    50.    Paragraph 50 contains no charging allegations, therefore no answer is necessary, and on

11    that basis the allegations of Paragraph 50 are denied.

12    51.    Paragraph 51 contains only legal conclusions, and as such, no answer is necessary, and on

13    that basis the allegations of Paragraph 51 are denied.

14    52.    Paragraph 52 contains only legal conclusions, and as such, no answer is necessary, and on

15    that basis the allegations of Paragraph 52 are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

18    As a first affirmative defense, Walgreens pleads that Plaintiff's Complaint and each and

19    every claim purportedly set forth therein, fails to state facts sufficient to constitute a claim or

20    claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

22    As a second affirmative defense, Walgreens pleads that Plaintiff's claims are barred, in whole or

23    in part, by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

25    As a third affirmative defense, Walgreens pleads that Plaintiff failed to exhaust all the

26    administrative remedies that were prerequisites to filing this action, and therefore this action is

27    barred.

28    / / /

6

**DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT**

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred and/or damages are limited or precluded by, the doctrine of after-acquired-evidence.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, Walgreens pleads that the Complaint, and each purported claim contained therein, is barred by the doctrines of estoppel and/or waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth affirmative defense, Walgreens pleads that damages, if any, were brought about by Plaintiff's own conduct, not the conduct of Walgreens or any of its supervisors, agents or employees.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth affirmative defense, Walgreens pleads that California's laws regarding the conduct alleged in the Complaint, and each purported claim therein, are too vague to permit the imposition of punitive damages and thereby deny due process, impose criminal penalties without requisite constitutional protections, violate the Fourteenth Amendment of the United States Constitution, and place an unreasonable burden on interstate commerce.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth affirmative defense, Walgreens pleads that any alleged damages were caused in whole or in part by the fault of another entity and/or party or nonparty.

/ / /

/ / /

**DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT**

1    WHEREFORE, reserving the right to allege any further affirmative defenses that become

2    apparent during discovery and having fully answered the Complaint, Walgreens prays that

3    Plaintiff's claims be dismissed with prejudice and that Plaintiff take nothing thereby; that

4    Walgreens be awarded judgment in its favor and its attorneys' fees and costs incurred in defense

5    of this action; and such other relief in Walgreens' favor as the Court deems just and proper.

6

7    DATED:  February 15, 2008                    BERRY & BLOCK LLP

8

9                                        By  /s/ Scott M. Plamondon
                                           REX DARRELL BERRY
                                           SCOTT M. PLAMONDON
10                                          Attorneys for Defendant, WALGREEN
                                           CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**DEFENDANT, WALGREEN CO.'S, ANSWER TO PLAINTIFF'S COMPLAINT**